## TEXAS WESTERN RAILWAY COMPANY V. E. W. CAVE.

### No. 3076.

1. **Limitation—Damages in Condemnation of Right of Way.**—Suit by Cave for ten acres of land through which a railway had been built about nine years before. The railway company disclaimed save as to a strip of fifty feet width across the land, and in reconvention asked that the strip be condemned for right of way. The defendant also pleaded limitation of two years against the claim by plaintiff for damages. On trial the railway company obtained a judgment condemning the right of way as prayed for upon its payment within ninety days, of $4000. Of this sum $1000 was for the value of the land condemned and $3000 for future depreciation of the remainder of the tract by the road. *Held*, that the wrongful occupation of the land by the railway company before seeking to condemn the right of way gave it no rights against the land owner, and that the injury to the other land not taken was properly included in the judgment for future damages.

2. **Same—Measure of Damages.**—The unauthorized construction of the railway on plaintiff's land gave defendant no right in or to the property, and its value at the time such possession began can not affect the quantum of damages, which must be measured by the value of the land at the time of condemnation and consequent injury to the owner by the taking.

ERROR from Harris. Tried below before Hon. James Masterson. The opinion gives a statement.

*Geo. H. Breaker,* for plaintiff in error.—1. Limitation is available as a defense against a statutory remedy for the recovery of damages from the construction of a railway, and the statute of two years applies.

2. The fact that the company asked for a condemnation of the land for a roadbed did not revive the claim for damages or result in relieving from the bar of limitation. Sayles' Civ. Stats., art. 4805a; Railway v. Chaffin, 60 Texas, 553; Railway v. Poindexter, 70 Texas, 105.

3. When a railway company appropriates a portion of the land of another in the construction of its road thereon without resorting to the statutory method to ascertain the damages, the measure of damages for the appropriation is the value of the land on the day it was taken and appropriated, and not the day on which the trial may be had in an action to recover such damages; that amount to be increased or diminished according as the remainder of the tract has been injured or benefited by the appropriation of the part in the construction of the road. Railway v. Matthews, 60 Texas, 215.

4. The appellee having purchased the land with the roadbed and track thereon, can only recover the value of the land actually taken at the time the road was wrongfully constructed there, with 8 per cent interest. Acts of 21st Leg., p. 18; Railway v. Matthews, 60 Texas, 215; Railway v. Chaffin, Id., 553; 3 Ct. App. C. C., sec. 59; Hays v. Railway, 62 Texas, 397; Railway v. T. B. Schofield, 72 Texas, 496;

Pierce on Railroads, 185; Railway v. McDougal (Ill.), 27 Am. and Eng. Ry. Cases, 386; Railway v. Loeb (Ill.), 27 Am. and Eng. Ry. Cases, 412; Dixon v. Railway, 3 Am. and Eng. Ry. Cases, 202; Mills on Em. Dom., chap. 8, sec. 66; Lewis v. Railway, 2 Richardson S. C. Rep., 91; Rand v. The Town of Townsend, 26 Vt., 670; Campbell v. Railway, 30 Am. and Eng. Ry. Cases, 304; Lawrence v. Railway, 30 Am. and Eng. Ry. Cases, 309; see cases cited in notes on pages 598, 599, Am. and Eng. Ry. Cases; Railway v. Holmes, 43 Id., 609; Railway v. Allen, 100 Ind., 409.

5. The appellee can not recover damages for the diminution and depreciation of the value of the land damaged by reason of the construction of the roadbed and track thereon, when said land was not owned by him at the time of the damages done by said railway. Dixon v. Railway, 3 Am. and Eng. Ry. Cases, 202; Railway v. McDougal, 27 Am. and Eng. Ry. Cases, 386; Railway v. Loeb, Id., 415; Railway v. Allen, 100 Ind., 409; Mills on Em. Dom., chap. 8, sec. 66.

*T. D. Cobbs* and *S. R. Perryman*, for defendant in error.—When plaintiff in error filed its cross-bill for condemnation of said property, that was a waiver in law so far as any claim of title to said land or for use and occupation of the same was concerned, and was an admission of defendant in error's title. Railway v. Pfeuffer, 56 Texas, 73, 74; Constitution of the State, art. 1, sec. 17; Railway v. Donaho, 59 Texas, 133; Railway v. Lyons, 2 Ct. App. C. C., p. 133, sec. 139; 3 Ct. App. C. C., sec. 59; Field on Dam., pp. 164, 209, 210; Arnold v. Bridge Co., 1 Duvall (Ky.), 372; Lewis on Em. Dom., sec. 477 and note; art. 4205a, Sayles' Civ. Stats.; art. 4181, Sayles' Civ. Stats.; Railway v. Adams, 63 Texas, 200; Railway v. Hays, 3 Ct. App. C. C., secs. 56, 59.

STAYTON, Chief Justice.—This action, in form trespass to try title, was brought by E. W. Cave to recover ten acres of land over which the railway company's track was constructed without right in the year 1876.

The action was brought on October 28, 1885, and Cave was the owner of the land when it was first occupied by the company to whose rights the defendant company has succeeded.

Defendant disclaimed as to all the land except a strip fifty feet wide occupied as right of way, pleaded the statutes of limitation of ten years in bar of plaintiff's right to recover, and by cross-bill sought condemnation of right of way.

The cause was tried without a jury and resulted in a judgment for the plaintiff for the land, but on the cross-bill the right of way was condemned and damages assessed at $4000, on payment of which within ninety days it was decreed that the right of way should vest in the company.

One thousand dollars of the sum awarded was for the part of the land condemned for right of way, and the other three thousand for injury to the remainder of the tract.

It is insisted that "the judgment of the court is contrary to the law and evidence in this, that it finds for the plaintiff E. W. Cave against the defendant company the Texas Western Railway Company, for damages by way of depreciation in value sustained by that portion of ten-acre lot 38 not included in the fifty foot strip occupied by the railway as its right of way, on which the railway is situated, notwithstanding the uncontradicted evidence showed that the road had been constructed thereon and in operation more than two years previous to the institution of the suit, and that therefore all claims for damages other than the depreciation in value of the strip actually occupied by the road had been barred by the statutes of limitation, said statutes of limitation and the facts above stated having been pleaded by the defendant company."

We do not see upon what theory it could be held that plaintiff is barred of his right to recover all damages he would be entitled to if the company had not occupied the land at all and was seeking to condemn before entering.

The land belongs to plaintiff, as the cross-bill admits, and will continue so to do until the company may pay the compensation awarded, and we see no reason why he should be held barred by a former occupancy which in no way divested his title on any item which goes to make up the compensation the company must pay before it can lawfully use the right of way.

It might as well be held that plaintiff was barred from recovering damages for the condemnation of the right of way itself by reason of a former occupancy not sufficient to confer the right, as to hold that he is barred from recovering for injury to land not actually condemned but made less valuable by the condemnation of the right of way, for the one element of damages as well as the other enters into the compensation to be paid for the taking, and neither can be barred so long as the land has not in some lawful manner been burdened with the easement.

The damages awarded by the judgment are all prospective in character, the price for which the future burden is placed on the land; and a holding that a past wrongful occupancy, which gave no right to continue to occupy, would cut off the right of a land owner to damages based on every element entering into the measure of compensation for taking of land for a public use could find no justification in principle or authority.

Such a holding could stand only on the theory that the wrongful possessor, who thereby has acquired no property in the thing possessed, should for his wrong doing be placed in a more favorable position when he seeks to secure the right to possess than would the per-

son who seeks lawfully to acquire the right to possess and use before he takes possession. The law offers no such rewards for wrong doing. For any injury done to plaintiff's land or use of it occurring more than ten years before this action was brought he was doubtless barred.

The court found that the tract of land through which the railway runs was worth when the railroad was first constructed over it from $50 to $100 per acre, but that at the time of trial it would be worth $1000 per acre if the railway was not on it or to continue on it, and it is urged that:

"The judgment of the court is contrary to law and evidence in this, that it finds for the plaintiff E. W. Cave against the defendant the Texas Western Railway Company, and in estimating the damages takes as the basis for such estimate the value of the land at the time of the trial, and not at the time when the road was built on the property and the cause of action accrued and the strip of land taken and appropriated by the defendant company."

At the time the railway was constructed on plaintiff's land the law furnished a method whereby the railway company might have had condemned for its use so much of the land as was necessary, and had it done so plaintiff's damages would have been assessed with reference to the value of the land at that time, but this it did not, and now seeks to do when the land has become much more valuable than it formerly was, and the price it must now pay is the sum which the value of the land at time of condemnation makes necessary. to compensate the owner for the taking.

The wrongful possession was not a "taking" within the meaning of the laws, which prohibit the appropriation of private property to a public use without due compensation to its owner.

If the railway company desired to condemn land worth only $50 or $100 per acre it should have caused condemnation to be made when that was its value; and not having done so it has no just cause to complain that the law gives to the land owner damages based on the value of the land when it did have condemnation made.

The unauthorized construction of the railway on plaintiff's land gave defendant no right in or to the property, and its value at the time such possession began can not affect the quantum of damages, which must be measured by the value of the land at the time of condemnation and consequent injury to the owner by the taking, for, although increased in value while defendant was wrongfully in possession, the land was still the property of plaintiff, and it can not be appropriated to the public use without adequate compensation first made, unless this is done with his consent.

If defendant is now compelled to pay more for right of way than it would have been compelled to pay had condemnation been made at an earlier day, this results from its own failure to take such steps at an

earlier period as it might and ought to have taken before taking possession of the land.

The other assignments of error are based upon the assumption that the record shows that plaintiff bought the land after the railway was constructed over it, but the express finding of the court was that he was owner when possession was taken, and there is nothing in the record to show that this finding was not correct, even if we could look to the abstract of title which is found in the record, hence it is not necessary to determine what would be plaintiff's rights if he had purchased the land after the railway was constructed upon it.

Finding no error in the judgment, it will be affirmed.

*Affirmed.*

Delivered March 6, 1891.