SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY ET AL. V. JOHN H. RUBY ET AL.

No. 3033.

1. **Parties.**—Suit for land over which a railroad was constructed was brought by the owner against the railway company. Pending the suit the road was placed in the hands of receivers. The receivers were made parties, and objecting it is *held* that they are proper if not necessary parties to the suit.

2. **Condemnation Proceedings for Right of Way.**—In a suit by the owner for land occupied by a railway company the plaintiff sold pending the suit. After such sale the railway company reconvened, asking that the right of way through the tract be condemned. The vendees then intervened, asking compensation, etc. *Held*, that testimony to show the price paid by the intervenors for the land was irrelevant, and was properly excluded.

3. **Opinion Testimony as to Value.**—A witness familiar with the locality of a tract of land and its general surroundings, and qualified to give an opinion as to its value, can give his opinion as to such value. Opinions of those qualified are admissible to prove value.

4. **Condemnation Proceedings.** — Value of the land taken and injured in condemnation proceedings should be taken at the time of the condemnation.

5. **Taking Property.**—Strictly there can be no *taking* within the meaning of the law (Const., art. 1, sec. 17) until the party seeking to condemn has been adjudged to be entitled and has paid or secured the compensation fixed. The principle applied to the claim of the railway company which had occupied land several years before obtaining right of way, during which occupation the land increased in value.

6. **Fact Case—Parties.**—Ruby, the original plaintiff, sued the railway company for the land. The railway had been running for several years before suit. He owned the land when the road was built. He had parted with no right in the land or for damages past or future upon condemnation of the right of way. His sale to the intervenors and their rights in the suit did not affect the railway company as to the extent of its liabilities or burdens. Ruby and the intervenors together only can recover what Ruby could, had the sale not been made.

7. **Condemnation — Value.** — Damages for a trespass arising before the purchase would not pass to a vendee by a conveyance of the land alone, but every right in or to the land does; and one who subsequently seeks to take a part of it for public use, for such taking must make to the owner adequate compensation, in the ascertainment of which must be considered the value of the property sought to be condemned and the damages which will be sustained by reason of such condemnation, etc. Rev. Stats., arts. 4193–4196.

APPEAL from Harris. Tried below before Hon. James Masterson. The opinion contains a statement.

*O. T. Holt*, for appellants.— 1. The defendants B. F. Yoakum and J. S. McNamara were neither necessary nor proper parties.

2. All evidence is admissible which tends to prove any issue involved in the case. Greenl. on Ev., 62.

3. Expert testimony is not admissible unless the witness first qualifies himself on the subject about which he is to speak. Railway v. Craft, 14 Am. and Eng. Ry. Cases, 202.

4.   The evidence should have been confined to the value of the land when the road was first constructed over and across it.

5.   The appellees having purchased the land with the roadbed and track thereon, can only recover the value of the land actually taken at the time the road was wrongfully constructed thereon, with 8 per cent interest.  Acts 21st Leg., p. 18; Railway v. Matthews, 60 Texas, 215; Railway v. Chaffin, Id., 553; Hays v. Railway, 62 Texas, 397; Railway v. Schofield, 72 Texas, 496; Pierce on Railroads, 185; Railway v. Mc-Dougal (Ill.), 27 Am. and Eng. Ry. Cases, 386; Railway v. Loeb (Ill.), Id., 415; Dixon v. Railway, 3 Am. and Eng. Ry. Cases, 202; Mills on Em. Dom., chap. 8, sec. 66; Lewis v. Railway, 11 Richardson (S. C. Rep.), 91; Rand v. The Town of Townshend, 26 Vt., 670; Campbell v. Railway, 30 Am. and Eng. Ry. Cases, 304; Lawrence v. Railway, Id., 309; 43 Am. and Eng. Ry. Cases, 598, 599, notes; Railway v. Holmes, Id., 609; Railway v. Allen, 100 Ind., 409.

6.   The right to compensation for land taken accrues and takes effect at the time of the taking, though it may be ascertained and declared afterward.   Railway v. McDougal, 27 Am. and Eng. Ry. Cases, 386; Railway v. Loeb, Id., 415; Pierce on Railroads, 185; Dixon v. Railway, 3 Am. and Eng. Ry. Cases, 202.

7.   The appellees can not recover damages for the diminution and depreciation of the value of the land damaged by reason of the construction of the roadbed and track thereon, when said land was not owned by them at the time of the damages done by said railway.  Dixon v. Railway, 3 Am. and Eng. Ry. Cases, 202; Mills on Em. Dom., chap. 8, sec. 66; Railway v. McDougal, 27 Am. and Eng. Ry. Cases, 386; Railway v. Loeb, Id., 415; Railway v. Allen, 100 Ind., 409.

*Hutcheson, Carrington & Sears,* for appellees.— 1.  The appellee Ruby in this case owned the land when the company constructed its road upon it.   He instituted an action of trespass to try title in 1888.   Defendants answered by plea of not guilty, and never sought to condemn the property until by an amended answer on October 25, 1890, when they sought by cross-bill to condemn the property for railway purposes.   The cause was tried on November 6, 1890, on their cross-bill for condemnation for the first time filed just preceding thereto.

The contention of appellees is that until the property is actually condemned, and certainly not earlier than the plea seeking to condemn it, the title of the property rests wholly in the plaintiff, and the value of the property is with the party in whom the title rests; that it so rests up to the time of condemnation, and the value at that time is what he is entitled to recover contemporaneously with his surrender of his title, and that the taking is not complete until then, and that under our Constitution and the decisions of States construing similar constitutions

the then value of the property is the plaintiff's equivalent in money for the surrender of his title. Rev. Stats., art. 4193 *et seq.;* Const. of Texas, art. 1, sec. 17; Railway v. Donahoo, 59 Texas, 133; Railway v. Lyons, 2 Ct. App. C. C., sec. 139; Field on Dam., pp. 164, 209, 210; Arnold v. Bridge Co., 1 Duvall, 372; Lewis on Em. Dom., sec. 477.

2.    The real plaintiff in this case was John H. Ruby, who owned the property before the road was constructed upon it.    Hutcheson and Carrington purchased pending the suit under agreement that the suit was to be prosecuted in their interest, and it was conducted for their use and benefit by the original plaintiff.    The suit was not one instituted by them, but they intervened upon a suggestion of defendants to recover upon the original rights of the original owner and those acquired by purchase, who was joined with them in the suit originally instituted by him, and the recovery was had for their use and benefit by him in that suit; and if Ruby had the right to so recover (which he unquestionably had as original owner), the appellants have no right to complain.    Appellants can not complain that the recovery of Ruby inured to the benefit of Hutcheson and Carrington, and was for their use.    Their liability was the same, and they were made to respond at the suit of the same parties who originally held the land.    The fact that some one else got the real benefit is of no consequence to them; the decree fully protected them.

This intervention was correct practice:    Fleming v. Seeligson, 57 Texas, 533;    Moore v. Minerva, 17 Texas, 20;    Clegg v. Varnell, 18 Texas, 294.

If it was not, there is no error of which appellants can complain: San Antonio Street Railway Co. v. Helm, 64 Texas, 147.

If this were error it would be abstract and immaterial, doing no damage to appellants:    Bohanan v. Hans, 26 Texas, 451;    Campbell v. Wilson, 6 Texas, 397;    Hensley v. Little, 5 Texas, 500.

STAYTON, Chief Justice.—This is an action of trespass to try title originally brought by John H. Ruby against the San Antonio & Aransas Pass Railway Company, to recover five acres of land in or near the city of Houston, over which the railway company constructed and was operating its road.

The property of the railway company having been placed in the hands of receivers on September 10, 1890, they were made parties defendant.

In an answer filed after the receivers were made defendants it was alleged that since the institution of the action Ruby had sold the land to Hutcheson and Carrington, and it was further alleged that the company placed the improvements on the land before Ruby became its owner; and the right of Hutcheson and Carrington, as well as the right of Ruby, to recover damages for any matter occurring before their respective ownerships was denied.

That answer was filed on October 25, 1890, and therein condemnation of a strip of land fifty feet wide and running diagonally through the lot was sought.

Hutcheson and Carrington made themselves parties on November 5, 1890, and asserted their right to compensation if right of way over the lot should be condemned.

The cause was tried without a jury and resulted in a judgment in favor of Hutcheson and Carrington and in favor of Ruby for their use for his lot, but condemning so much of it as was asked by the defendants for right of way, and awarding to Hutcheson and Carrington $2100 as damages or compensation for the land so taken.

That Hutcheson and Carrington bought the land after the action was brought was established, but they purchased before condemnation was asked, and the court found that Ruby was the owner of the land when the railway company first took possession of it, at which time the land was worth $100 per acre, and at time of trial worth $700 per acre if not occupied by the railway. No damages were awarded to plaintiffs other than such as the court found to be adequate compensation for the land actually condemned and injury to the remainder from a part being used for the railway.

The receivers pleaded a misjoinder of parties, which was overruled, and in this ruling there was no error. They may not have been necessary parties, but it can not be said that they were not proper parties, and it seems to us that under given contingencies full relief to the plaintiffs could not be given unless they were joined.

The court did not err in refusing to permit a vendor of Hutcheson and Carrington to state what sum they paid for the land, for the inquiry was as to the value of the land at time of trial and not at some prior time.

While the witness Byrne could not state absolutely the value of the land, he was shown to be familiar with its locality and general surroundings and well qualified to give an opinion as to its value. He stated that he had an opinion as to its value and gave it, and upon such a question the opinions of witnesses qualified to speak as to value are received. The court permitted witnesses to state the value of the land at time of trial and to state the depreciation in value of that part of the lot not condemned for right of way, by reason of the fact of such condemnation and the use to which the right of way was to be applied, and it is contended that the evidence should have been confined to value when the road was first constructed over the lot.

This question was considered in the case of Railway v. Cave, decided at the present term, in which it was held that the compensation to be made must be determined upon value at time of condemnation. We held this to be the correct rule under the Constitution of this State, which provides that "no person's property shall be taken, damaged,

or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and when taken, except for the use of the State, such compensation will be first made or secured by a deposit of money." Constitution, art. 1, sec. 17.

The rule is believed to be universal that compensation must be estimated by facts existing at the time the land is taken, though there is some diversity of opinion as to whether this occurs when the proceedings to condemn are instituted or at time of trial. The latter view we think correct in its practical application, though strictly there can be no "taking" within the meaning of the law until the party seeking to condemn has been adjudged to be entitled and has paid or secured the compensation fixed. Railway v. Lyons, 2 Ct. App. C. C., 133; Railway v. Orr, 8 Kansas, 422; Railway v. Denman, 10 Minn., 222; Nutler v. Railway, 37 N. J., 224; Driver v. Railway, 32 Wis., 578; Arnold v. Railway, 1 Duvall, 372; County v. Railway, 28 Minn., 509; Morin v. Railway, 30 Minn., 100; Lyon v. Railway, 42 Wis., 538. Authorities bearing on this question will be found cited in these cases and in Lewis on Eminent Domain, 477.

It is urged that "the court erred in finding for plaintiffs the present value of said land, when the plaintiffs purchased same after the road was constructed thereon, and the plaintiffs had full knowledge that said road was built on said land before they purchased said land."

The court found that the plaintiff Ruby owned the land at the time the railway was placed upon it, and there is evidence to support that finding, although the final deed was not made to him until after the railway was placed on the land. The inference from this evidence is that he had such a contract with the owner before the road was built as entitled him to the land, and if defendants desired more accurate information as to the character, form, and contents of that contract it might doubtless have been obtained by a cross-examination.

He being the owner of the land at the time the road was placed on it, in any event was entitled to recover any damages resulting from its construction or operation, and, before he sold, to any compensation to be paid on condemnation.

He being a party to the action and contract that the compensation for injury to the land should be adjudged to Hutcheson and Carrington, we do not see that appellants have any ground for complaint, even if it were true that Hutcheson and Carrington could not, as owners of the land, purchased after the road was placed on it, recover damages on condemnation measured by the same rules that would be applied in case of condemnation before entry and construction.

Ruby had done no act, so far as the record shows, to forfeit his right to damages for any injury to the land while he owned it, nor had Hutcheson and Carrington lost their right to damages for any injury to their estate resulting or to result from condemnation and future use

of the right of way for the purpose for which condemnation was made. Together they were certainly entitled to recover all the damages Ruby could have recovered had he continued to be the owner, and the judgment in this case, if the compensation awarded be paid, will bar another action by any party to this.

We do not, however, wish to be understood to hold or to intimate that Hutcheson and Carrington, they being the owners of the land at the time it was condemned, could not recover damages measured by the same rule as could they had they been the owners of the land when the railway company first took possession of it; for we see no reason to doubt their right as owners of the land at time of condemnation, the railway company never having acquired any right through a former owner to that full compensation to which every owner of land is entitled when it is taken for a public use without his consent. Railway v. Pfeuffer, 56 Texas, 66.

Hutcheson and Carrington owned the land at the time of trial. The railway company and receivers, so far as the record shows, were wrongdoers, and we do not see upon what theory they could be permitted to derive advantage from their wrongdoing and become entitled to have the land which they desire to use condemned for less compensation than could they, had they never entered upon it, or to hold it without any compensation whatever to the owner at the time condemnation is sought.

If compensation be not paid plaintiffs will be entitled to their writ of possession because they have been adjudged to be the owners of the land, and of this they could not be deprived by the fact that the railway company may have occupied the land with its road before the present owners acquired title to it.

Cases may be found which maintain the proposition asserted by appellants, but we are not advised of the constitutional or statutory laws on which they were based, and the reasoning of the courts by whom the cases were decided is not, it seems to us, sufficient to maintain the proposition.

It is said in these cases that it is fair to presume that a purchaser, after land was occupied by a railway company, paid less for it than he otherwise would, and that it would be inequitable to allow him to recover full compensation from the railway company for this reason. Such a purchaser becomes the owner of the land as fully as was his vendor, and the question whether he paid an adequate consideration for it is one with which a wrongdoer has no concern. Having become the owner of the land, when its condemnation is subsequently made he must be deemed the owner to whom adequate compensation must be made.

Damages for a trespass occurring before the purchase would not pass to a vendee by a conveyance of the land alone, but any right in or to the land does, and one who subsequently seeks to take a part of it for

public use for such taking must make to the owner adequate compensa-tion, in the ascertainment of which must be considered the "value of the property sought to be condemned" and "the damages which will be sustained by reason of such condemnation," and when a part only of the land is condemned the benefits received and injuries sustained by the owner as to remaining portion must be taken into the estimate. Rev. Stats., arts. 4193–4196.

There is no error in the proceedings which resulted in the judgment, and it will be affirmed.

*Affirmed.*

Delivered March 10, 1891.