## CHILDRESS v. TATE.†

(Court of Civil Appeals of Texas. Ft. Worth. April 6, 1912. Rehearing Denied May 11, 1912.)

1. WITNESSES (§ 202*)—PRIVILEGED COMMUNICATIONS—ATTORNEY ACTING AS SCRIVENER.

Where an attorney acts merely as a scrivener in writing a deed, and is not asked for advice as to any legal question relating thereto, communications between the parties at the time, or mere silence, are not privileged, so as to exclude the attorney's testimony thereto.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 756, 757; Dec. Dig. § 202.*]

2. EVIDENCE (§ 220*)—ADMISSIONS—SILENCE.

In an action to recover an undivided one-sixth of a tract of land, claimed to have been given as compensation for defendant's sale of a contract in exchange for the tract, where defendant admitted the execution of a written statement that plaintiff was entitled to the interest sued for, not purporting to be a conveyance, but recitative merely and capable of explanation, the fact that plaintiff, when employing an attorney to write a deed to the interest claimed, said said nothing about his having such written statement was immaterial.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 771–785; Dec. Dig. § 220.*]

3. EVIDENCE (§ 474*)—OPINION EVIDENCE—MARKET VALUE OF REAL PROPERTY—QUALIFICATIONS.

In an action to recover an interest in real property, witnesses who had lived on adjoining farms from 10 to 25 years, or had lived upon the tract in controversy and cultivated it for a number of years, and who knew the value of land in the vicinity and about what land sold for in the neighborhood, were qualified to give an opinion as to the market value of the tract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196–2219; Dec. Dig. § 474.*]

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENT OF EVIDENCE—RULE OF COURT.

Where an assignment of error is not followed by any statement of the proceeding, or part thereof contained in the record, as required by rule 31 for Courts of Civil Appeals (142 S. W. xiii), from which it can be seen that the court below erred, the court will not search the record for facts to support the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

5. JUDGMENT (§ 744*)—DECREEING TITLE TO DEFENDANT.

In an action to recover part of a tract of land, where the defendant admitted that plaintiff was entitled to an interest in any such sum over $4,000 as he could sell the land for, and where the jury found that plaintiff had no interest in the land, a judgment, specifically decreeing that plaintiff "has no interest whatever in the land herein sued for," and decreeing title to defendant and quieting such title, was proper, precluding no right of plaintiff under the agreement admitted by defendant.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1278–1281; Dec. Dig. § 744.*]

6. TRESPASS TO TRY TITLE (§ 41*) — SUFFICIENCY OF EVIDENCE.

Evidence, in an action to recover a part of a tract of land, held sufficient to sustain a judgment for defendant.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 62, 63; Dec. Dig. § 41.*]

Appeal from District Court, Parker County; D. M. Alexander, Special Judge.

Action by J. W. Childress against W. E. Tate. Judgment for defendant, and plaintiff appeals. Affirmed.

Stennis & Wilson and H. L. Moseley, all of Weatherford, for appellant. Preston Martin and Hood & Shadle, all of Weatherford, for appellee.

CONNER, C. J. J. W. Childress instituted this suit against W. E. Tate, to recover an undivided one-sixth interest in a small tract of land in Parker county. He alleged that he gave the defendant the interest sued for to "compensate him for the sale of a certain crude oil burner contract in exchange for the said tract of land."

The defendant answered, among other things, that the plaintiff was acting as the agent of one Yeargin in the sale of the land, and falsely represented its value to be $6,000; that the same was well improved with good fences, good houses, and had an orchard thereon. The defendant further alleged that in fact the property was worth less than $4,000; that in the trade the defendant paid Yeargin $2,400 in cash, assumed notes against the land in the sum of $1,600, and gave the crude oil burner contract, of the estimated value of $2,000; that the real contract between the defendant and the plaintiff was that he (plaintiff) was to have one-half of the amount for which he could sell the place over and above the $4,000 paid by defendant; that the plaintiff at the time represented that he had a purchaser for the land at the price of $6,000; that in fact he had never sold the land, and had never attempted to sell it.

The jury returned a general verdict in favor of the defendant, and the court's judgment was in accordance therewith.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied June 26, 1912, by Supreme Court.

[1, 2] In appellant's first assignment of error, complaint is made of the action of the court in admitting the testimony of Preston Martin, an attorney at law, to the effect that when he (the plaintiff) first came to his office to get him to write a deed to the one-sixth interest in controversy nothing was said about plaintiff having the written statement, signed by the defendant and produced upon the trial, which recites that he (the plaintiff) was entitled to a one-sixth interest in the land. We find no error in this action of the court. Appellant's statement under the assignment fails to disclose that Mr. Martin's advice was solicited as to any legal question relating to the transaction. For aught that appears, Mr. Martin was acting merely as a scrivener; and hence, communications between the parties at the time, or mere silence, on a given subject was not privileged. See Stallings v. Hullum, 79 Tex. 421, 15 S. W. 677. Moreover, we fail to see the materiality of the complaint. The defendant admitted the execution of the statement, but denied that the effect sought was intended. The instrument did not purport to be a conveyance nor contractual, but was recitative merely and susceptible of contradiction or explanation.

[3] In appellant's second, third, fourth, fifth, sixth, and seventh assignments, which are grouped, complaint is made of the introduction of the testimony of certain witnesses, relating to the market value of the tract of land involved, on the ground that the witnesses had not properly qualified. The witnesses referred to testified, in substance, either that they had lived on adjoining farms from 10 to 25 years, or had lived upon the place and cultivated it for a number of years, and knew the value of land in the vicinity, and knew about what land sold for in the neighborhood, and on the whole we think manifested such familiarity with the land, with its improvements, with the character of the orchard thereon, and with other particulars, as to at least authorize the introduction of the testimony and to express their opinion of values. S. A. & A. P. Ry. Co. v. Ruby, 80 Tex. 172, 15 S. W. 1040.

[4] In appellant's eighth assignment, objection is made to the second section of the court's charge, on the ground that it authorized a verdict for the defendant, in event the jury found in his favor on the issue of fraudulent representations as to the value of the land, regardless of whether the defendant was "injured thereby." The assignment, however, is followed only by abstract propositions, without any statement whatever of any evidence on the subject, and without reference to any part of the record, or to any previous statement in the brief, that will enable us to see that injury resulted from the omission complained of in the charge. Rule 31 (142 S. W. xiii) prescribed for the government of this court specifically requires that in briefing each proposition shall be subjoined "by a brief statement, in substance, of such proceedings, or part thereof, contained in the record as will be necessary and sufficient to explain and support the proposition, with a reference to the pages of the record. This statement must be made faithfully in reference to the whole of that which is in the record having a bearing upon said proposition, upon the professional responsibility of the counsel who makes it, and without intermixing it with arguments, reasons, conclusions, or inferences." While the rule further provides that in making such statements it shall be neither necessary nor proper to repeat what has already been presented in the general preliminary statement required by a preceding rule, it being sufficient in such cases to refer to such preliminary statement by the page or pages of the brief on which the particular matter is found, in the instance before us, as stated, no statement of or reference to evidence or to any preceding statement is made; and, even if we look to the preliminary statement, without being referred thereto, we find no evidence from which it can be said that the court erred in the particular specified. It may be that the testimony, without dispute, showed the discrepancy in the value of the land as represented, and as it actually existed, to be so great as that the court was authorized to assume that the defendant was injured, in event the jury should find that the plaintiff had made the false representations as alleged. At all events, under the rules, we are not required to search the record for the facts to support appellant's proposition. Whisenant v. Schawe, 141 S. W. 146.

Appellant's ninth, tenth, and eleventh assignments of error also criticise the court's charge; but these assignments are subject to the same objections we have made above in the disposition of the eighth assignment, and they will therefore be overruled for the reason stated.

[5] In the twelfth assignment, the judgment is criticised, for the reason that it specifically decree that the plaintiff "has no interest whatever in the land herein sued for," and that "the title to the same is in and is hereby decreed to be in the defendant, and that the defendant's rights, title, and possession to the same be, and the same is herein, quieted." We see nothing in this, however, prejudicial to appellant. Under the issue submitted, the jury found that plaintiff did not have, as he alleged, any interest in the land; and if, in this respect, the verdict is supported by the evidence, and of this we have no doubt, it necessarily follows that the judgment should be for the defendant for the entire interest, which, in legal effect, amounts to the same as the specific declarations made in the judgment. The fact that the defendant, both in his answer and in his testimony, admitted that the plaintiff was entitled to an interest in

such sum over $4,000 as plaintiff could sell the land for in no wise alters the case. If that was the contract between the parties, and the jury evidently adopted this theory of the controversy, the plaintiff did not have, and never had any interest in the land. The only right and interest that he had or has was to` exercise the privilege given him by the agreement on the part of the defendant to give him one-half of what the place could be sold for over $4,000; and nothing in the judgment precludes an exercise of this right.

[6] The only remaining assignment is one attacking the verdict of the jury as "contrary to the law and not supported by the evidence," the principal insistence being that the written instrument, hereinbefore referred to executed by the defendant conclusively shows that the plaintiff had an interest in the land; but, as before stated, the writing was not a conveyance, but a mere recitation that went before the jury, together with all of the other evidence, on the issue of whether the contract was as asserted by plaintiff, or as asserted by the defendant; and while, of course, appellant's testimony supported his theory of the case, that of the defendant was amply sufficient to support the verdict and judgment.

All assignments of error are accordingly overruled, and the judgment is affirmed.