**The STATE of Texas, Appellant,**

v.

**Ralph E. LASITER et al., Appellees.**

**No. 3930.**

Court of Civil Appeals of Texas.

Waco.

Dec. 7, 1961.

Rehearing Denied Dec. 28, 1961.

W. G. Walley, Jr., Frank M. Adams, Beaumont, for appellant.

Black & Lindsey, Port Arthur, for appellee.

McDONALD, Chief Justice.

This is a condemnation case wherein the State of Texas condemned .0998 acres of the land of Lasiter and others, for highway purposes. Trial to a jury resulted in a verdict of $5,200. for the land taken, and $5,000. damage to the remainder. The Trial Court entered judgment on the verdict.

Prior to the taking of testimony, defendants moved to suppress any evidence concerning the location of a sewer line across the property to be taken. On hearing on such motion, out of the presence of the jury, it developed that on *12 May 1959* the District Court of Jefferson County, on petition of plaintiff, ordered the subject land of defendants condemned, and that title be vested in plaintiff; that on *29 April 1960* the District Court of Jefferson County rescinded *its* order of *12 May 1959* and ordered the land restored to defendants; that while such order was in effect the Texas State Highway Department issued a

document giving the City of Groves approval for laying a sewer line across the subject property. On *3 May 1960* the State instituted the instant condemnation proceedings for the property. On *31 May 1960* the City of Groves asked the State Highway Department if they could proceed with the construction of the sewer line, and were told they should proceed. The State Highway Department required the removal of the sewer line from an existing location to the location on defendants' property, to which it was removed.

The Trial Court sustained defendants' motion to suppress all evidence concerning the existence of the sewer line across the land sought to be condemned, and the witnesses' testimony as to valuation of such property did not take into account the presence of the sewer line across it.

Plaintiff appeals, seeking a reversal, contending the Trial Court erred in sustaining defendants' motion to suppress evidence of the existence of the sewer line across the property; that the existence of the sewer line across the property was a fact at the time of the taking (7 December 1960); that the existence of such line rendered the property less valuable than it would have been without such line; and that plaintiff was entitled to evidence of the property's value as it stood, at the time of the taking.

The record reflects that defendants' property was free of all easements and sewer lines of any sort; that on *12 May 1959,* the State of Texas seized defendants' property under an Ex Parte Order which gave the State title and possession of the property here involved; that thereafter, the State Highway Department instructed and required the City of Groves to move its sewer line from the existing location and place it across the land here involved, and prescribed the exact location for the placing of the line. On *29 April 1960* the Ex Parte Order divesting defendants of title and possession to the property was set aside. The instant condemnation proceedings were instituted by the State of Texas on *3 May 1960.* The City of Groves inquired upon

beginning of construction, on May 31, 1960, as to whether they should proceed with the construction of the sewer line, and were advised by the State Highway Department to proceed. The sewer line was completed on *8 July 1960.* The instant property was condemned on *7 December 1960.*

In such state of the record, the State contends that the property should be valued on the date of taking, 7 December 1960, with the sewer line across the property. (It is undisputed that the sewer line lowers the value of the property). We cannot agree with such contention.

■ It is undisputed that the City of Groves committed a trespass on defendants' land by constructing the sewer line across same. To constitute a trespass, entry on the land of another need not be in person, but may be committed by causing or permitting another to cross and enter onto the landowner's property. 87 C.J.S. Trespass § 13, Glade v. Dietert, 156 Tex. 382, 295 S.W.2d 642.

In cases where railroads have trespassed by building across an owner's land without purchasing or condemning same, and years later seek to condemn such land, our Supreme Court has determined that the measure of damages is the value of the land taken at the time of condemnation, *considered as if it were not occupied by the railway.* San Antonio & A. P. Ry. v. Ruby, 80 Tex. 172, 15 S.W. 1040; Texas Western Ry. v. Cave, 80 Tex. 137, 15 S.W. 786.

"In the Cave case, supra, the court said: * * * a holding that a past unlawful occupancy, which gave no right to continue to occupy, would cut off the right of a land-owner to damages based on every element entering into the measure of compensation for taking of land for a public use, could find no justification in principle or authority. *Such a holding could stand only on the theory that the wrongful possessor, who thereby has acquired no property in the thing possessed, should. for his wrong-doing be placed in a*

*more favorable position when he seeks to recover the right to possess than would the person who seeks lawfully to acquire the right to possess and use before he takes possession. The law offers no such rewards for wrong-doing."*

Likewise, in a case wherein a water district appropriated the lands of the landowner without compensation, and backed water onto the landowner's land with a dam, our courts approved submission of the issue of damages in the case, requiring the jury to find "what would have been the market value of the [landowner's] land at the time of trial, *if the dam and its appurtenances had never been constructed and put into operation.*" Tarrant County Water Control & Improvement District #1 v. Fowler, Tex. Civ.App., 175 S.W.2d 694; W/E Ref. WOM, 142 Tex. 375, 179 S.W.2d 250.

In Glade v. Dietert, 156 Tex. 382, 295 S.W.2d 642, the City of Ft. Worth, *prior* to condemning certain right of way from a landowner, *instructed* a contractor to enter on the land and do certain work. The contractor did so, and destroyed 3 trees before realizing that the right of way had not been acquired. On the question as to whether the loss of the 3 trees (which occurred prior to condemnation), should be considered in determining the value of the land taken in condemnation, our Supreme Court said:

> " * * * the law should not be so strictly construed as to preclude * * (the landowner) from recovery * * of all damages to which they may be entitled, including the diminishment of the land value caused by the removal of the trees."

> "While technically it may be said that the entry by the contractor as the agent of the City constituted a separate cause of action * * *, yet, under the circumstances in such a case as this, to require the trial of 2 separate causes of action with double consumption of time and expense, *when all of the damage actually was occasioned on account of the public improvement*

*project and in pursuance thereto, would be a hardship on all parties, as well as useless and unnecessary. The destruction of the trees is an element of value to be considered in determining the compensation owed by the City to the landowner for the acquisition of * * his property."*

■ In the instant case, the State, prior to gaining title to defendants' land, authorized, instructed and required the City of Groves to trespass on defendants' land by laying a sewer line across it. Thereafter, when the State condemned this same property, the State contends the property is worth less with the sewer line across it than it would be without it, and that the evidence should only reflect the value of the property at the time of its taking, with the sewer line across it. The State admits that the City of Groves has committed a trespass, but contends the landowners' remedy is against the City of Groves.

Under the authorities cited, we think the State, as the causing force of the trespass on defendants' land, by the City of Groves, was itself likewise a trespasser, and as such, it would be wrong to permit it to stand in a more favorable position when it seeks to recover the right to possess, than would be the person who seeks lawfully to acquire the right to possess and use before he trespasses or takes possession without right. We think the law offers no such reward for wrongdoing. San Antonio & A. P. Railway v. Ruby, supra; Texas Western Railway v. Cave, supra.

■ Moreover, the laying of the sewer was occasioned by and on account of the public improvement project involved in the building of the new road for which the defendants' land was condemned, and under Glade v. Dietert, supra, damages occasioned by same are recoverable against the State.

The Trial Court did not err in suppressing evidence as to the existence of the sewer

line, and in valuing defendants' land as of the date of the taking, as if the sewer line were not across it.

Plaintiff's points are overruled and the judgment of the Trial Court is Affirmed.