**McLENNAN COUNTY et al., Appellants,**

v.

**Lois Bell UMBERSON et al., Appellees.**

No. 3890.

Court of Civil Appeals of Texas.

Waco.

April 26, 1962.

Rehearing Denied May 31, 1962.

W. C. Haley, Waco, for appellants.

Bedford Edwards, Bill Dunnam, Waco, for appellees.

WILSON, Justice.

Appellee's statement of the nature of this jury condemnation case, which we will assume to be correct, is paraphrased as follows: Several months before institution of the present proceedings the State Highway Department converted an existing county road forming the western boundary of appellee's 390 acre farm to a state farm-to-market road by rebuilding on its original course and location. No new right of way was acquired. Prior to this reconstruction,

surface water from the west passed across the existing county road and flowed into a drainage ditch across the northern boundary of the farm without significant damage to appellee's land. The original grade or surface level of the road appears to have been raised by the rebuilding, however, causing the water to accumulate on the western shoulder of the road. To accommodate flowage of the water and to form a cattle passage under the road, a culvert, five feet in diameter, was placed across it.

"In the process of cutting down the land to make such exit and access, an underground spring was opened. Large quantities of water flowed from the spring on to appellee's farm, thereby covering and actually taking a strip across such farm. The large quantity of water changed from its natural flow and, forced through the 60-inch horn, washed great amounts of soil across the farm, thereby filling a small drainage ditch and causing approximately 50 acres of appellee's land to be covered with water and to form a swamp", washed the land and made it unusable.

Some months thereafter, in order to suppress seepage and flow of water from the spring immediately east of the culvert outlet in the original right-of-way, which was uncovered or activated by the new road construction, and to prevent erosion damage to the roadbed, the highway department planned construction of a concrete apron. The eastern outlet of the new culvert-cattle pass was the entrance to the lane of a neighboring farm immediately north of appellee's property; and it was desired, also, to create a concrete base which would seal off the spring and create a dry passageway for cattle from this lane through the culvert under the new road.

For the latter purposes appellants filed this action to acquire a tract 105 feet in length with maximum width of about 44 feet (1464 square feet) from the northwest corner of appellee's farm. The jury found the value of the strip so acquired to be $6.72. It answered that the value of the remainder

of the 390 acres was reduced $3112 by the taking of the corner tract, and judgment was rendered for appellee on the verdict.

Appellants say judgment was improperly rendered for damages to the remaining land because the damages proved were the result of construction of the road prior to the taking by condemnation, and were not compensable in this proceeding. They assert the finding as to consequential damages is grossly excessive.

■ We have no difficulty in concluding the latter contention must be sustained if we are to follow the consistent rule of decision in the following cases: City of Trinity v. McPhail, Tex.Civ.App., 131 S.W.2d 803, 808; Fort Worth & D. S. P. Ry. Co. v. Gilmore, Tex.Civ.App., 2 S.W.2d 543, 545; City of San Antonio v. Fike, Tex.Civ.App., 211 S.W. 639, 641; Jefferson County Traction Co. v. Wilhelm, Tex.Civ.App., 194 S.W. 448, 451; Stephenville N. & S. T. Ry. Co. v. Moore, 51 Tex.Civ.App. 205, 111 S.W. 758; Kirby v. Panhandle & G. Ry. Co., 39 Tex.Civ.App. 252, 88 S.W. 281, 283 (no writs); and see Texas Elec. Serv. Co. v. Campbell, 161 Tex. 77, 336 S.W.2d 742, 746; Throckmorton County v. Howsley, Tex.Civ.App., 28 S.W.2d 951, 952, writ ref.; City of Fort Worth v. Dietert, Tex.Civ. App., 271 S.W.2d 299, 300, writ ref.; Ideal Laundry Co. v. City of Dallas, Tex.Civ. App., 64 S.W.2d 801, 803, writ dism.; Perry v. Wichita Falls, R. & F. W. R. Co., Tex. Civ.App., 238 S.W. 276, 278; 16 Tex.Jur. Sec. 200, p. 509; 22 Tex.Jur.2d Sec. 149, p. 238; 4 Nichols, Eminent Domain (3rd ed. 1951) Sec. 14.245(1), pp. 377–380.

The rule that previous damages to land not taken, which results from improper construction of earlier works on its own land by the subsequent condemnor before the condemnation proceedings are instituted for land actually taken, are not recoverable and are not to be considered in the proceedings, is established or supported by the foregoing authorities. This is true, primarily, because Art. 3265, subd. 1, Vernon's Ann. Tex.Civ.Stat., limits the inquiry in condem-

nation cases to the damages sustained to the remainder "by reason of the condemnation of the property" and the employment of the property condemned in the purpose for which it is condemned. Glade v. Dietert, 156 Tex. 382, 295 S.W.2d 642, 646.

■ Here the evidence shows, and appellee takes the position in the brief, that asserted damages to the remainder of the farm resulted from reconstruction of the road which involved no acquisition of appellee's land, and from installation of the culvert; that it was caused by changing the "natural flow" of water "forced through the 60″ horn in such concentration" as to inundate and wash the farm land and make it unusable. This damage occurred before the institution of the condemnation action. It was not "by reason of the condemnation."

The decision in Glade v. Dietert, above, it might be argued, qualified or modified the holding in City of Fort Worth v. Dietert, Tex.Civ.App., 271 S.W.2d 299, 301, writ refused, so as to permit recovery of such damages in this condemnation action and avoid a multiplicity of suits. The decision is clearly not applicable to this case. There the city, through a contractor, inadvertently entered and damaged the very land subsequently condemned before condemnation, and it was held diminution in value caused by previous removal of trees from the land later appropriated was recoverable in the condemnation suit. The damage there was, in effect, identical to that which would result "by reason of the condemnation." Here, the damage to the remainder was created before the present proceedings were filed. The damage was not a result of the eminent domain proceedings nor the employment of the land acquired thereby.

It is to be observed that appellant McLennan County did not construct this state highway; nor was it authorized to do so: Arts. 6673, 6673–c, 6674q–4, Vernon's Ann.Civ. Stat.; Iverson v. Dallas County, Tex.Civ. App., 110 S.W.2d 255; Taylor v. McLennan County, Tex.Civ.App., 120 S.W.2d 134.

Since it did not build the farm-to-market road, it was not liable for any previous damages resulting from its prior improper construction.

A majority of the court doubts that appellants' points 1 and 2 are preserved in the motion for new trial; but the court unanimously agrees the damages are excessive under the evidence. The judgment will be affirmed if appellee files a remittitur of $1500 within 10 days from this date; otherwise it will be reversed and the cause remanded.