**CITY OF SAN ANTONIO, Appellant,**

v.

**Nick ALEXANDER et ux., Appellees.**

**No. 7167.**

Court of Civil Appeals of Texas, Beaumont.

Sept. 10, 1970.

Raymond W. Weber, Chief Condemnation Atty., San Antonio, for appellant.

W. W. Palmer and Jewell D. Lemons, San Antonio, for appellees.

PARKER, Chief Justice.

The appeal is from a judgment rendered in a condemnation proceeding instituted by the City of San Antonio (hereinafter "City") to acquire a triangular piece of land needed in connection with a drainage improvement. In 1960, City had begun a drainage project known in our record as "Project 56" and had sought, unsuccessfully, to acquire by negotiation the property involved herein. Without acquiring the Alexander property in 1960, City completed its project by utilizing a portion of the wide boulevard in front of the Alexander property as a catch basin for the flood water from the Alexander property and the area adjacent thereto.

The plan of the development in 1960 was such that it brought about serious erosion on the Alexander property now involved in this suit and two tort actions were filed by the Alexanders against City to recover damages from the construction of the improvements. Each of these cases was dismissed without trial on the merits.

In 1964, City undertook a new project designated as "Project 56–A", apparently designed to complete the drainage project started in 1960 as originally designed, which required the acquisition of the Alexander property involved in this suit.

The present suit was instituted on November 9, 1964; and on January 20, 1965, City deposited the amount of the award

of the Commissioners into the registry of court and took possession of the tract involved herein. After the taking, the case lay dormant for several years until July 2, 1968, when the Alexanders filed a new pleading fixing the date of taking as March 1, 1961, with an alternative date of taking as January 20, 1965. Numerous amendments were filed but each always contended that the date of taking was in 1961 (apparently about the time of the · completion of the original improvements under Project 56). These pleadings were quite elaborate, considering the nature of the proceedings, and are quoted in the margin.[1]

By appropriate special exceptions, City attacked these allegations with reference to the damage done to the land prior to January 20, 1965 (the date of the taking under these proceedings), but such exceptions were overruled with City reserving its appropriate exception. Seven motions in limine designed to prevent the introduction of evidence supporting the allegations of the prior constitutional taking (in 1960–61) were all denied. Over the objections of

City, the Alexanders introduced evidence, bolstered by photographs (both motion and still as well as colored and black and white pictures) of the conditions prevailing before the 1960–61 "improvements" by City and after such had been accomplished. City has preserved, by appropriate action, all of the complaints it made to this method of the trial of the condemnation proceeding.

The trial court submitted only the usual Carpenter Case issues [State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194 (1936)], and based upon the jury's answers thereto rendered judgment against City in the amount of $5,406.36, including interest, which also included an award of $2,000.00 for damages to the remainder of the land other than that taken for the improvement. City's motion for new trial having been overruled, this appeal follows.

The date of the taking, *in this case,* was January 20, 1965, when City deposited the award of the special Commissioners into the registry of the court and took possession of the tract of land described in its petition for condemnation.[2] The evidence

---

1. Paragraph IX of Alexanders' second amended original answer upon which the parties went to trial contained this allegation: "On or about March 1, 1961, the said plaintiff, City of San Antonio, its agents, servants, contractors, and employees, acting within the scope of their employment, entered unlawfully upon the premises of the defendants, and in connection with the construction of a sewer line and construction of a bridge, and as a result of which there was created on the defendants' said property, erosion, a gully, and a ditch, as a result of the unlawful entry, and taking of said property, by the City of San Antonio, its agents, servants, contractors and employees, acting within the scope of their employment, upon the land of defendants. That after such unlawful entry, the City of San Antonio then and there continued and continuously unlawfully entered upon defendants' property aforesaid, contrary to the Constitution of the State of Texas, and caused the soil on defendants' premises to wash away and erode, when the plaintiff City of San Antonio filed its suit in eminent domain, said Plaintiff's Orig-

inal Petition having been filed November 9, 1964, on which a purported award was made and money was deposited in the registry of this Court on the 20th day of January, 1965."

2. Rayburn, Texas Law of Condemnation, § 149, p. 442, lays down the applicable rule in these words:
   "It seems to be settled law in Texas, that where the taking, actual physical invasion, and actual possession of land, or the legal right to take and possess such land, are secured by a prior deposit of money in compliance with procedures in condemnation under Article 3268, or by actual consent of the owner of the land and improvements, the lawful due processes of the law as commanded by Art. 1, Sec. 17 of the Texas Constitution [Vernon's Ann.St.] have been complied with, and evidence of market values of the land are to be admitted at any subsequent trial, *as on or about the date of the prior deposit,* Aycock v. Houston Light & Power Co., 175 S.W.2d 710 (Er. refused); City of Houston v. Susholtz, 22 S.W.2d 537

offered by the landowners showed that this particular piece of property, *upon the date of the taking,* was part of an eroded ditch or natural drain for a 644-acre watershed which had existed for many years. Its condition on January 20, 1965 was brought about, in no small measure, by the acts of City and its contractors in the construction of the prior improvements in 1960–61, the subject of the prior tort actions mentioned earlier in this opinion. The effect of the admission of the evidence was to permit the jury to award, in the condemnation case, damages resulting from acts of City *prior* to the institution of the present proceedings.

In the well-reasoned opinion of McLennan County v. Umberson, 358 S.W.2d 228, 229 (Tex.Civ.App.—Waco, 1962, error ref. n. r. e.), Justice Wilson collates the many cases on the subject, and we cannot improve upon the language used therein. He enunciates the rule in these words:

"The rule that previous damages to land not taken, which results from improper construction of earlier works on its own land by the subsequent condemnor before the condemnation proceedings are instituted for land actually taken, are not recoverable and are not to be considered in the proceedings, is established or supported by the foregoing authorities. This is true, primarily, because Art. 3265, subd. 1, Vernon's Ann. Tex.Civ.Stat., limits the inquiry in condemnation cases to the damages sustained to the remainder 'by reason of the condemnation of the property' and the employment of the property condemned in the purpose for which it is condemned. Glade v. Dietert, 156 Tex. 382, 295 S.W. 2d 642, 646."

The landowners place primary reliance upon two decisions, Glade v. Dietert, 156 Tex. 382, 295 S.W.2d 642, 646 (1956), and

State v. Lasiter, 352 S.W.2d 915, 916 (Tex. Civ.App.—Waco, 1961, error dism.), but we are not persuaded that either case changes the rule enunciated in the Umberson Case, supra, since each is readily distinguishable upon the facts from those which we now face. For instance, the time element in each of the cases relied upon by the landowners is extremely short compared with the four-year period found in our case; and, more importantly, neither case involved a claim for damages to land not taken in the proceeding. Although the City places reliance upon the doctrine of limitation as barring the possible recovery of damages by the landowner [Cf., Southwestern Telegraph & Telephone Co. v. Smithdeal, 104 Tex. 258, 136 S.W. 1049, 1052 (1911)], we refrain from placing our holding upon such a limited basis.

For more than four years, according to the pleading and the evidence of the landowners, the faulty construction of the drainage project had brought about the destruction of their lands. Twice the owners had sought to recover therefor and twice had failed to follow through upon the claim. In this suit, brought under the provisions of Article 3265, Vernon's Ann.Civ. St., the recovery to which they were entitled was limited to such damages "which will be sustained by the owner, if any, by reason of such condemnation"; and, as stated by City in its brief, damages resulting from "torts occurring four years earlier were not damages which will be sustained by reason of such condemnation."

The court erred in overruling City's exceptions to the pleadings of the prior damage and in permitting the introduction of the evidence in support thereof. Such errors resulted in the jury having before it and being permitted to consider harmful evidence which likely resulted in a larger verdict than would otherwise have been

(Civ.App.) aff. 37 S.W.2d 728 (Comp. Apps.); City of Dallas v. Shackleford, answer to certified questions, Texas Supreme Court, [145 Tex. 528,] 199 S.W.2d 503, and same case, 200 S.W.2d

869 (Civ.App.); Ft. Worth & D. [S.P.] Ry. Co. v. Gilmore, 13 S.W.2d 416 (Civ.App.); * * * [omitting numerous other cases cited; emphasis contained in text]."

expected. In our opinion, the action of the court amounted to such a denial of the rights of the appellant City as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in this case, requiring a reversal of the judgment. Texas Rules of Civil Procedure, rule 434.

City brings forward many other points of error, but it is not necessary that each be considered in view of our disposition of the foregoing points. For the errors noted, the judgment below is reversed and the cause remanded.