RICHMOND COUNTY v. PAGE TRUST COMPANY ET AL., RECEIVERS OF THE BANK OF HAMLET, AND T. M. ROSE ET AL., DEFENDANTS, AND N. A. BERRY AND HIS WIFE, MARY H. BERRY, INTERVENORS.

(Filed 2 May, 1928.)

1. **Assignments—Rights and Liabilities of Parties—Right of Prior Assignee—Equity—Banks and Banking.**

   While a bank may make a valid transfer of certain of its assets to secure the officers thereof in signing as sureties an undertaking given by the bank for the deposit of county funds (*Trust Co. v. Rose*, 192 N. C., 673), such transfer will not prevail as against an equity of a third person to whom the same assets had been previously assigned and the later assignment was in fraud of rights acquired, and where these matters are sufficiently alleged a demurrer thereto is bad.

2. **Equity—Between Equal Equities the First in Point of Time Prevails—Banks and Banking.**

   In the course of its dealings and for a lawful purpose a bank may negotiate notes, drafts, bills of exchange, and other evidences of indebtedness embraced by 3 C. S., 220(a) ; and where there is more than one transfer of the same security, and the equities are equal, the first in time will prevail.

APPEAL by plaintiff, and defendant, T. M. Rose, from *Oglesby, J.,* at November Term, 1927, of RICHMOND. Affirmed.

This action involves the title to certain notes described in the complaint. These notes are now held by defendants, receivers of the Bank of Hamlet. The controversy is primarily between the defendants, T. M. Rose and others, and the intervenors. Each claims under an assignment of said notes, made by the Bank of Hamlet. Prior to said assignments, the Bank of Hamlet owned the said notes and held the same as part of its assets.

On 8 September, 1925, the said notes were assigned by the Bank of Hamlet to defendant, T. M. Rose, to indemnify the said Rose and others, from loss on a bond executed by the Bank of Hamlet, as principal, and the said Rose and others as sureties, to the plaintiff in this action. The said bond was conditioned for the payment, on demand, by the Bank of Hamlet to the plaintiff, as obligee, of a sum of money de-

posited by the plaintiff with said bank. There has been a breach of said bond by the Bank of Hamlet, which is now insolvent.

The plaintiff alleges that as obligee in said bond, it has an equity, by reason of the assignment of said notes for the protection of the sureties, to have the proceeds of said notes, when collected, applied in discharge of the liability of the principal on said bond to plaintiff. It demands judgment in this action on the bond, and prays that the receivers of the Bank of Hamlet be ordered and directed to collect said notes, and to apply the proceeds of such collection to the satisfaction of its judgment.

The intervenors allege that the assignment of said notes by the Bank of Hamlet to defendant, T. M. Rose, is void, for that said assignment was fraudulent; they allege that they are the owners of said notes under a valid assignment made to them by the Bank of Hamlet, prior to the date of the assignment under which plaintiff and defendants, T. M. Rose and others, claim; that the assignment to them was made to secure certain certificates of deposit issued by the Bank of Hamlet and now owned by them.

From judgment overruling demurrers filed by each of them to the cross-complaint of the intervenors, plaintiff, and defendant, T. M. Rose, appealed to the Supreme Court.

*W. Steele Lowdermilk for plaintiff.*
*Rose & Lyon for defendant, T. M. Rose.*
*Robinson, Caudle & Pruett for intervenors.*

CONNOR, J. In *Trust Co. v. Rose,* 192 N. C., 673, we held that the assignment of the notes described in the complaint in this action, made by the Bank of Hamlet to T. M. Rose, was valid, and that as between the receivers of the Bank of Hamlet, which had become insolvent, subsequent to the date of said assignment, and the said T. M. Rose, the latter was the owner of said notes, by reason of the assignment. This assignment was made to indemnify the said Rose and others from loss on the bond executed by the Bank of Hamlet, as principal, and the said Rose and others, as sureties, to the plaintiff in this action. The validity of the assignment was attacked by the receivers of the Bank of Hamlet on two grounds, first, because it was executed on behalf of the bank, without express authority of its board of directors, by its vice-president and cashier, for the protection of its officers, who were the sureties on the bond, and, second because the Bank of Hamlet was without power, in the absence of statutory authority, to transfer or assign any part of its assets to secure one or more of its creditors. Upon the facts agreed, and submitted to the Court, in a controversy without action, we held that the contentions of the receivers could not be sustained upon either

ground. We reversed the judgment of the Superior Court from which T. M. Rose and his cosureties had appealed. Judgment has since been entered in the Superior Court of Richmond County in accordance with our decision, and with the opinion filed in support of the same. In said judgment it is ordered and decreed that the receivers of the Bank of Hamlet shall hold said notes, as trustees for T. M. Rose and his cosureties on the bond, and shall apply the proceeds of said notes when the same are collected by them, in discharge of the liability of the Bank of Hamlet to the plaintiff herein, and thus indemnify and save harmless the sureties on its bond. This judgment was rendered at March Term, 1927, of the Superior Court of Richmond County.

This action was begun on 27 June, 1927. Plaintiff demanded judgment on the bond, and prayed that the receivers of the Bank of Hamlet be ordered and directed to pay to plaintiff, as obligee in the bond, all sums collected by the said receivers on the notes held by them in discharge of its judgment.

On 23 July, 1927, N. A. Berry and his wife, Mary H. Berry, upon their motion, were made parties to the action, and were allowed to intervene therein, and set up their claim to the notes described in the complaint. On the same day they filed an answer to the complaint and a petition, in the nature of a cross-complaint against the plaintiffs, the receivers of the Bank of Hamlet, and the defendants, T. M. Rose and others. Plaintiffs and defendant, T. M. Rose, each filed a demurrer to the cross-complaint of the intervenors for that the allegations contained therein do not state a cause of action. Upon the hearing, these demurrers were overruled. From the judgment overruling their demurrers, plaintiff and defendant, T. M. Rose, appealed to this Court.

The questions presented for decision upon this appeal, are, first, whether the assignment under which the intervenors claim title to the notes described in the complaint, upon the facts alleged in their cross-complaint, and admitted by the demurrers, is valid, and second, if so, whether the title acquired by the intervenors in and to said notes, under said assignment, is superior to the title acquired by defendants, T. M. Rose and others, under the subsequent assignment of said notes, and also to the equity alleged by plaintiff in this action, founded upon said assignment.

Both these questions must be answered in the affirmative—the first upon the authority of *Trust Co. v. Rose,* 192 N. C., 673, and the second upon well settled principles of equity. "Where equities are equal, the first in time will prevail." The assignment of the notes by the Bank of Hamlet to T. M. Rose, while good as against the bank, and the receivers, upon the facts agreed, and submitted to the Court in *Trust Co. v. Rose,* may not be valid as to the intervenors, in this action, who attack the as-

signment for fraud. The distinction which appellants undertake to make between the facts upon which *Trust Co. v. Rose* was decided, and the facts alleged in the cross-complaint and admitted by the demurrers in the instant case, is not sustained on principle. In this State, banks, organized under its laws and carrying on business pursuant thereto, have the power not only to discount, but also to negotiate promissory notes, drafts, bills of exchange and other evidences of indebtedness. 3 C. S., 220(a). The power to negotiate involves the power to sell as well as the power to buy, and includes necessarily the power to assign or transfer. Black's Law Dict., p. 812. There is no statutory limitation upon the power of a bank to assign or transfer its assets, or any part of the same for any lawful purpose.

As the allegations of the cross-complaint will doubtless be denied in the answers thereto, which appellants are authorized to file, by the judgment overruling their demurrers, we refrain from passing upon questions discussed in the briefs, filed upon this appeal. The pertinency of these questions depends upon the facts as they may be determined by the verdict of the jury. There is no error in the judgment overruling the demurrers, and allowing appellants time to answer as they may be advised. The judgment is

Affirmed.