**AUSTIN, Banking Com'r, v. LAMAR COUNTY.**

Nos. 1284—5343.

Commission of Appeals of Texas, Section A.

April 23, 1930.

L. C. Sutton and John W. Goodwin, both of Austin, and Joe T. Goodwin, of Jacksonville, for plaintiff in error.

Long & Wortham, Beauchamp & Lawrence, W. F. Moore, and Park & Dohoney, all of Paris, for defendant in error.

HARVEY, P. J.

We adopt the statement of the case as made by the Court of Civil Appeals as follows:

"At the beginning of the year 1925 the commissioners' court of Lamar county advertised for bids from banks for the purpose of selecting a county depository for the ensuing two years. No bids were offered. On March 26, 1925, the commissioners' court, acting under the provisions of article 2445, Revised Civil Statutes of 1911, designated three of the local banks situated in Paris, the county seat of Lamar county, as depositories. Among the banks so designated was the First State Bank of Paris, which was then a banking corporation organized under the laws of Texas. In due time the First State Bank presented a bond in the sum of $50,000, which was approved by the commissioners' court. This bond by its terms began on the 29th day of February, 1925, and expired at the end of one year. On the date of the expiration of the bond Lamar county had on deposit with the First State Bank the sum of $226,004.83. Some time in March or April, 1926, because of the expiration of the bond, and on account of the large amount of deposits which the county then had in the First State Bank, the commissioners' court, through its county judge and county auditor, demanded a new bond as security for the county deposits. After some negotiations it was agreed between the bank and the county officials that a new bond should be executed by the bank, and that until the new bond was made and delivered the bank would pledge its bills receivable, consisting of vendor's lien notes, as security for the county deposits. In accordance with that agreement, and in pursuance of previous authority from the board of directors of the bank, vendor's lien notes aggregating $74,231.24 were delivered to John S. Baker, county auditor, to be held by him, as the representative of the county, as security for the county deposits then in the First State Bank. The delivery of the notes for that purpose was made on March 13, 1926. Lamar county had on deposit with the First State Bank on that date the sum of $184,068.26. On May 26, 1926, the First State Bank was closed and its affairs were placed in the hands of the commissioner of banking. After closing the bank, and while the bank still owed the county more than $75,000, Chas. O. Austin, then banking commissioner, demanded of Lamar county the surrender of the notes above referred to, claiming them as a part of the assets of the insolvent bank to be administered by him. Upon the refusal of the county to comply with that demand he filed this suit for the recovery of the notes."

The trial court rendered judgment in favor of the county. That judgment has been affirmed by the Court of Civil Appeals. 11 S. W.(2d) 553.

■ Article 2547, prior to its amendment in 1927 (Acts 40th Leg. c. 129 § 1), provided that, in lieu of the bond with personal sureties or the surety company bond therein prescribed for a bank which was selected as the depository for county funds, the commissioners' court might accept "bonds of the United States, or of this state or of any county, city, town or independent school district in the state," as security for the county deposits. By necessary implication arising from these provisions, authority was conferred on the First State Bank of Paris to pledge to the county the assets there specified. We have just held, in the case of Foster v. City of Longview (Tex. Com. App.) 26 S.W.(2d) 1059, this day decided, that a pledge of assets of a bank, to secure a depositor, is forbidden by public policy, and is therefore illegal, unless expressly, or by necessary implication, authorized by statute. Whenever the authority in this respect, which is conferred by statute, is limited by the statute to specific assets, the pledge of assets other than those specified is unauthorized, and, being unauthorized, is forbidden by public policy for the grant of authority to pledge specified assets does not necessarily imply an authority to pledge any other assets.

■ There was no statutory authority in the bank to pledge as security for county deposits, the vendor's lien notes in question. The pledge contract, therefore, was illegal.

■■ The question arises as to the banking commissioner having the right to recover the notes from the possession of the county. If the rights of depositors other than the county were not involved, there might be some doubt in this respect. But there can be no doubt here. The vice which rendered the pledge contract illegal was the unauthorized discrimination undertaken to be effected in favor of the county against other depositors. These depositors will suffer loss as a result of the illegal contract, if the county be permitted to retain the notes. The possession of the notes by the county became injurious to these other depositors when the bank closed. Legal injury to the latter arose at that time. Relief from this injury can be obtained only through the banking commissioner. Plainly, then, the banking commissioner, in the discharge of his duty in this respect, is entitled to recover the notes. The fact that a recovery of the notes by the banking commissioner will incidentally inure, to some extent, to the benefit of ordinary creditors whose rights are not infringed by the illegal transaction, cannot preclude such recovery. The county having no equities arising under the illegal contract, there are none to be adjusted.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals affirming same be reversed, and that judgment be here rendered in favor of the banking commissioner for the recovery of the notes.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and judgment rendered for the plaintiff in error, as recommended by the Commission of Appeals.