## POTTORFF v. EL PASO–HUDSPETH COUNTIES ROAD DIST. OF TEXAS et al.

### No. 6682.

Circuit Court of Appeals, Fifth Circuit.
Jan. 6, 1933.

Thornton Hardie, of El Paso, Tex., for appellant.

A. H. Culwell and C. W. Croom, both of El Paso, Tex., and J. B. Lewright, of San Antonio, Tex., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal from a judgment establishing and foreclosing a lien upon securities, $200,000 of government bonds, which had been pledged by the bank to secure the deposit of public funds with it, to wit, the funds of the El Paso-Hudspeth counties road district of Texas.

It was contended below by appellant, and it is urged here, that the agreement under which the securities were pledged is invalid as beyond the power of the bank and in contravention of public policy. The District Judge found the arrangement legal and enforceable. The facts are undisputed. In September, 1931, the bank failed. It was taken over for liquidation by the Comptroller; the defendant Pottorff was appointed its receiver. At that time the district had on deposit with the bank $221,730. The defendant receiver has approved the district's claim for that sum, and a dividend has been paid to it of $66,519.27, leaving due $155,211.63. The receiver has refused to deliver to the bank or to Lloyds the bonds pledged as security. These are the circumstances of their pledging.

For more than a year prior to its failure, the bank had been the designated depository of the district, and as such it had given security for the district's funds deposited with it. During the year 1930 the Maryland Casualty Company was surety. It in turn was secured by a deposit in pledge of government bonds. In May, 1931, the district, in reliance upon the terms of the collateral pledge agreement made between the bank and Lloyds as a condition to its becoming surety, consented to the substitution of Lloyds America as surety in place of Maryland Casualty Company. The surety bond executed by Lloyds provided, among other things, that, in determining the surety's liability, "allowance should be made for the value of all collateral delivered to or for the use of the bank to secure the deposit," while the collateral pledge agreement provided that the surety should have the right to withdraw from the safety deposit box where they were deposited from time to time and use such numbers of the bonds as might be necessary to make good its liability. At each of the times when the bonds were made and the securities pledged the bank was a solvent, a going concern. The bonds were made, the securities deposited, in the due and regular course of the business of the bank, with the approval of the National Banking Department, in accordance with a long-standing custom and practice of the department under the rulings of the Comptroller to approve the

giving by national banks of security for deposits of public funds.

Appellees argue that the giving of security was valid before and it is valid since the 1930 amendment of section 90, title 12, US CA.[1] They argue that though in some jurisdictions courts have held that banks are, in the absence of a statute authorizing their doing so, without power to pledge their assets as security for deposits of public funds,[2] the weight of authority is to the contrary.[3] They assert it to be established that, whether assets are pledged directly to the depositor, or to the surety, the pledge is valid and available to each.[4] They point to the statutes, state and federal, which have for many years not only authorized but required the giving of security for public deposits, and the uniform recognition by the Comptroller that national banks may do so, as settling beyond peradventure that the giving of security for such deposits is in accordance with a sound public policy and valid.[5]

The state statutes to which they refer are the County Depository Law, amended in 1929 (Vernon's Ann. Civ. St. Tex. art. 2547), requiring banks before becoming depositories for state and county funds, to give security,[6] section 517a of the State Banking Act, enacted at the same session (Vernon's Ann. Civ. St. Tex. art. 517a),[7] and article 778o, the act under which the district was organized (Vernon's Ann. Civ. St. Tex. art. 778o).[8]

Appellees argue that these statutes, taken in connection with the public policy evidenced by the national banking practices, leave no question but that the security in this case was validly given.

Appellant, meeting these arguments, counters appellees' contention that the power of a national bank to pledge assets to secure public deposits is sustained by decision and by statute with the assertion that whatever might be said on that point, absent the act of 1930, that act was an act of limitation, that since its passage a national bank as to state deposits must find its authority to give security not in the general law, but in state statutes, and that there are no valid state statutes so authorizing.

It says that the act under which the district was organized, a special act authorizing the formation of road districts comprising two or more counties, required as security for deposits, not a pledge of the assets of a bank, but a corporate surety bond; that under it a state bank, its authority being strictly limited by statutory grant of power, would not be authorized to pledge its assets as security, either directly to the district or indirectly to the surety. Foster v. City of Longview (Tex. Com. App.) 26 S.W.(2d) 1059, Austin v. Lamar County (Tex. Com. App.) 26 S.W.(2d) 1062. It scouts the idea that the provision in the Road District Act, that "the treasurer or depository shall be governed by the same laws * * * as are provided by law for depositories of county funds," imports into the act the general provisions relating to the kind of security county depositories may give. It insists that the proviso in the act stipulating that the bond of a corporate surety must be taken is exclusive. To the contention of appellees that article 517a, prohibiting the pledging of assets of a bank to secure deposits "except where specially authorized by Statute or except in case of a deposit of public funds," authorizes banks to

[1] "Any association may, upon the deposit with it of public money of a State or any political subdivision thereof, give security for the safe-keeping and prompt payment of the money so deposited, of the same kind as is authorized by the law of the State in which such association is located in the case of other banking institutions in the State."

[2] Commercial Bank & Trust Co. v. Citizens' Bank, 153 Ky. 566, 156 S. W. 160, 45 L. R. A. (N. S.) 950, Ann. Cas. 1915C, 166; Divide County v. Baird, 55 N. D. 45, 212 N. W. 236, 51 A. L. R. 296; Foster v. City of Longview (Tex. Com. App.) 26 S.W.(2d) 1059; Austin v. Lamar County (Tex. Com. App.) 26 S.W. (2d) 1062, 1063; Ark. La. Highway v. Taylor, 177 Ark. 440, 6 S.W.(2d) 533; Farmers' & Merchants' Bank v. Consolidated School Dist., 174 Minn. 286, 219 N. W. 163, 65 A. L. R. 1407.

[3] Sneeden v. City of Marion (D. C. Ill.) 58 F.(2d) 341, 346, and cases cited. Burrowes v. Nimocks (C. C. A.) 35 F.(2d) 152; Schuhmacher v. Eastern Bank & Trust Co. (C. C. A.) 52 F.(2d) 925. Cf. Mothershead v. U. S. F. & G. Co. (C. C. A.) 22 F.(2d) 644, 645; Michie on Banks and Banking, vol. 4, § 19, p. 23.

[4] Grigsby v. People's Bank of Martin, 158 Tenn. 182, 11 S.W.(2d) 673; Richmond County v. Page Trust Co., 195 N. C. 545, 142 S. E. 786; Page Trust Co. v. Rose, 192 N. C. 673, 135 S. E. 795; McFerson v. National Surety Co., 72 Colo. 482, 212 P. 489.

[5] First Am. Bank & Trust Co. v. Town of Palm Beach, 96 Fla. 247, 117 So. 900, 65 A. L. R. 1398; Maryland Cas. Co. v. Bd. of County Commissioners, 128 Okl. 58, 260 P. 1112; Cameron v. Christy, 286 Pa. 405, 133 A. 551, 553.

[6] The security required by this Act was either a bond, individual or surety, or the pledge of securities of various kinds including bonds or certificates of indebtedness of the United States.

[7] Section 517a: "No bank or bank and trust company, except where specially authorized by Statute

or except in case of a deposit of public funds, shall give preference to any depositor by pledging the assets of the corporation as collateral security, and any pledge of such assets contrary to this Article shall be void."

[8] Article 778o: "The treasurer or depository shall be governed by the same laws and shall be subject to the same penalties as are provided by law for depositories of county funds; provided, before any such treasurer or depository shall be entitled to receive any funds of the district, it shall give bond to the district with a corporate surety company as surety, which is authorized to do business in the State of Texas, in an amount equal to the funds so deposited, conditioned upon the safe-keeping of such funds and paying of the same."

give security for public deposits, it opposes the counter contentions, first, that the exception must be construed, not as a general grant of power, but as limited by specific requirements in public depository acts; second, that, if it is to have a different construction, then it must be held to be without validity, because of the failure of the caption to contain a reference to it, in violation of section 35, art. 3, of the Texas Constitution, that no bill shall contain more than one subject which will be expressed in its title.

We have given careful consideration to the contentions and counter contentions. We think appellees are right. Article 517a infringes neither the letter nor the spirit of the constitutional provision against the surreptitious passage of laws. It is generally held that exceptions need not be set out in the caption of an act. State v. Schlitz Brewing Co., 104 Tenn. 715, 59 S. W. 1033, 78 Am. St. Rep. 941; Austin v. G., C. & S. F. Ry., 45 Tex. 234. The act, though brief, is intended to be comprehensive and all-embracing. It would have failed of the purpose which its caption indicated if it had not made provision by excepting out of the act those situations to which it did not apply.

We think also that, this statute aside, ample authority for the pledge is to be found in the other statutes relied on, and in the general law. It would be a narrow and an unreasonable view, indeed, of the powers of a national bank which would defeat a contract for the security of public funds, entered into as this one was, for the purpose of complying with statutes governing depositories, openly and above board, with the express authority of the directors of the bank and with the sanction of the department. The District Judge refused to take this view. He was right.

The judgment is affirmed.