## TARRANT COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 1 V. F. M. FOWLER.

No. A-3. Decided February 23, 1944.
Rehearing overruled March 29, 1944.
(179 S. W., 2d Series, 250.)

*Samuels, Brown, Herman & Brown,* of Fort Worth, for petitioners.

*F. B. Walker* and *Aubrey Alexander,* both of Fort Worth, for respondent.

MR. JUSTICE SHARP delivered the opinion of the Court.

Petitioner seeks to bring this case to this Court by a petition for writ of error. The opinion of the Court of Civil Appeals rendered in this case is reported in 175 S. W. (2d) 694. In the course of its opinion, in construing Article 5414a, Vernon's Annotated Civil Statutes, known as the "Small Bill" that court held that the part of the Act which reserved unto the State the right to the sand and gravel lying within the bed of any navigable stream in this State was invalid, because such reservation was not included in the caption of the Act, and, further, that it violated Section 35 of Article III of the Constitution of Texas. The caption and the essential parts of the Act read as follows:

"S. B. No. 150.        CHAPTER 138.

"An Act to confirm and validate all patents and awards issued on lands lying across or partly across water courses or navigable streams or the beds or abandoned beds thereof, or parts thereof, and to relinquish, quit-claim and grant to patentees and awardees and their assignees all of such lands, and minerals therein contained, across water courses or navigable streams and also the

beds or abandoned beds thereof, and minerals therein contained, where such patents or awards have been issued and outstanding for a period of ten years from the date thereof and have not been cancelled or forfeited, without impairing the rights of the general public, the state, riparian owners or appropriation, owners in the waters of such streams, and providing that with respect to lands sold by the State of Texas expressly reserving title to minerals in the State, such reservation shall not be affected by this Act and that the patentees or awardees and their assignees shall have the same rights, title and interest in the minerals in the beds or abandoned beds of such water courses or navigable streams that they have in the uplands covered by the same patents; and providing that all of the provisions of this Act shall apply equally to all Spanish and Mexican land grants and titles issued by the Spanish and Mexican Governments prior to the Texas Revolution of 1836, which have been subseqquently recognized by the Republic of Texas or by the State of Texas as valid; and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. All patents to and awards of lands lying across or partly across water courses or navigable streams and all patents and awards covering or including the beds or abandoned beds of water courses or navigable streams or parts thereof, which patents or awards have been issued and outstanding for a period of ten years from the date thereof and have not been cancelled or forfeited, are hereby confirmed and validated.

"Sec. 2. The State of Texas hereby relinquishes, quit-claims and grants to patentees and awardees and their assignees all of the lands, and minerals therein contained, lying across, or partly across water courses or navigable streams, which lands are included in surveys heretofore made, and to which lands patents or awards have been issued and outstanding for a period of ten years from the date thereof and have not been cancelled or forfeited, and the State of Texas hereby relinquishes quit-claims and grants to patentees and awardees and their assignees all of the beds, and minerals therein contained, or water courses or navigable streams and also all of the abandoned beds, and minerals therein contained, of water courses or navigable streams, which beds or abandoned beds or parts thereof are included in surveys heretofore made, and to which beds or abandoned beds, or parts thereof, patents or awards have been issued and outstanding for a period of ten years from the date thereof, and have not been cancelled or forfeited; provided that nothing in this Act contained shall impair the rights of the general public

and the State in the waters of streams or the rights of riparian and appropriation owners in the waters of such streams, and provided further that with respect to lands sold by the State of Texas expressly reserving title to minerals in the State, such reservation shall not be affected by this Act; nor shall relinquish or quit-claim any number of acres of land in excess of the number of acres of land conveyed to said patentees or awardees in the original patents granted by the State, but the patentees or awardees and their assignees shall have the same rights, title and interest in the minerals in the beds or abandoned beds, or parts thereof, of such water courses or navigable streams, that they have in the uplands covered by the same patent or award; provided that this Act shall not in any way affect the State's title, right or interests in and to the sand and gravel, lying within the bed of any navigable stream within this State, as defined by Article 5302, Revised Statutes of 1925."

This statute was construed by this Court in the case of State et al v. Bradford et al, 121 Texas 515, 50 S. W. (2d) 1065, and the law was sustained. We refer to that opinion for a detailed discussion of the Act and the construction given same.

The Court of Civil Appeals admits that the contention of petitioner that respondent was permitted to recover damages for the sand and gravel in the bed of the creek, which according to the Act was owned by the State and not by respondent, was not properly presented to that court for consideration. Nevertheless, in spite of this, the court held that the Act was invalid as above indicated. Such holding was not necessary to reach a decision in the case and render the judgment that was rendered.

Reading the caption and the body of the Act together, we think that the Court of Civil Appeals erred in holding that the part of the Act above indicated was invalid. In view of the record in this case we agree to the correctness of the judgment entered by the Court of Civil Appeals, but we disapprove that part of the opinion which holds invalid that part of the Act which reserved unto the State the right to the sand and gravel lying within the bed of any navigable stream within this State.

Therefore the petition for writ of error will be refused for want of merit.

Opinion delivered February 23, 1944.

Rehearing overruled March 29, 1944.