

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 9, 1969

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas

Opinion No. M-331

Re:  Whether an independent school
district may borrow money
from its school depository
if a member of its school
board is also an officer or
stockholder in the depository
bank.

Dear Dr. Edgar:

You have requested an opinion concerning whether or not an independent school district may borrow money from its school depository if a member of the school board is also an officer or stockholder in the depository bank.

To answer this question, it will be necessary to examine the pertinent parts of Article 2827c, Vernon's Civil Statutes, and Article 2832c, Vernon's Civil Statutes, and Attorney General's Opinion No. O-6280.

Article 2827c, Section 1, Vernon's Civil Statutes, which gives independent and consolidated school districts the authority to borrow money, reads as follows:

"Sec. 1.  Independent or consolidated school districts are hereby authorized to borrow money for the purpose of paying maintenance expenses and to evidence such loans with negotiable notes; provided that at no time shall said loans exceed seventy-five per cent (75%) of the previous years' income.  Such notes shall be payable only from current maintenance taxes levied at or before the time of making such loans and from delinquent maintenance taxes.  The term 'maintenance expenses' or 'maintenance expenditures' as used in this Act means any

- 1626 -

lawful expenditure of the school district
other than payment of principal of and
interest on bonds."

Article 2832c, Vernon's Civil Statutes, known as the
School Depository Act of 1967, effective Aug. 28, 1967, es-
tablishes the rules, regulations, and procedures that a school
board and bank must follow in the selection of a depository bank.

The pertinent parts of Article 2832c are as follows:

"Sec. 2.  Any independent school district
of more than 150 scholastics of this state may
elect by a majority vote of its Board of Trustees
to adopt the terms and provisions of The School
Depository Act of 1967.  After the adoption of
said Act by said Board of Trustees, the school
depository or depositories for said school dis-
trict shall be selected in accordance with the
terms and provisions of this Act.

" . . .

"Sec. 4 (a).  A school depository under
the terms and provisions of this Act shall be
a bank, if any, located within the territory
of the school district selecting said deposi-
tory, and, if none, a bank within the terri-
tory of an adjoining school district.

"Sec. 4 (b).  In the event a member of
the Board of Trustees of school district is
a stockholder, officer, director or employee
of a bank located in said school district,
or a bank located in an adjoining school
district as referred to in (a) above, said
bank shall not be disqualified from bidding
and becoming the school depository of said
school district provided said bank is selected
by a majority vote of the Board of Trustees
of said school district or a majority vote
of a quorum when only a quorum eligible to vote
is present.  Common law rules in conflict
with the terms and provisions of this Act
are hereby modified as herein provided.  If

> a member of the Board of Trustees of school
> district is a stockholder, officer, director
> or employee of a bank that has bid to become
> the depository *for said school district, said
> member of said Board of Trustees shall not vote
> on the awarding of the depository contract to
> said Bank and said school depository contract
> shall be awarded* by a majority vote of said
> Board of Trustees as above provided who are
> not either a stockholder, officer, director
> or employee of the bank receiving said school
> district depository contract." (Emphasis
> supplied.)

As stated in Section 4(b), common law rules in con-
flict with the terms and provisions of the Act are modified
to the extent stated in the statute. Therefore, a school
district which adopts the terms and provisions of this Act is
not prohibited from awarding a depository contract to a bank
when a member of the school board is an officer, stockholder,
director or employee of said bank, provided the provisions of
Section 4 are complied with. You have advised us that the
school district in question has adopted the School Depository
Act of 1967.

We now reach the ultimate question before us. In
order to answer your question, it will be necessary to determine
whether Opinion No. O-6280 is still binding in light of Article
2832c. The question in Attorney General's Opinion No. O-6280
was "whether or not a school board is authorized and empowered
to borrow money from a bank where a member of such school board
is also a director of such a bank. . ." In answering the ques-
tion in the negative, the Attorney General based his opinion
on public policy and the common law stated, "It is as old as
the common law that a public official may not in his official
capacity make a contract in which he is pecuniarily interested."
In further support of the opinion, it was stated in the last
paragraph on page 2 as follows:

> "The same vice that enters into a contract
> of deposit by a public board or officer with a
> bank or institution in which he has a pecuniary
> interest inheres in a contract of loan. A de-
> posit is in essence a loan by the depositor to
> the depositee bank. The sum deposited becomes
> the property of the bank and the bank a debtor
> to the depositor therefor."

Dr. J. W. Edgar, page 4 (M-331)

In the case of Commercial Guaranty State Bank, et al. v. City of Longview, et al., 11 S.W.2d 217 (Tex.Civ.App. 1928) reversed on other grounds, Foster, et al. v. City of Longview, et al., 26 S.W.2d 1059 (Tex.Comm.App., 1930), the Court said:

"A general deposit of money in a bank creates the relation of debtor and creditor between the bank and the depositor, not materially different from that which arises between a borrower and a lender of money. The beneficial results to the bank are the same and the obligation to repay the money is equally binding whether the transaction be a loan or a deposit." (Emphasis supplied.)

In addition to the foregoing, it was further held in Cassidy Commission Company v. Security State Bank, 333 S.W.2d 454 (Tex.Civ.App. 1960, no writ), that a depositor is a creditor of the bank in which his funds are deposited. In light of these authorities presumptively in the minds of the legislature, it is evident that the legislature intended to remove the common law prohibitions which, in the past, had prevented a school board from borrowing from and/or choosing as a depository, a bank in which one of its members also serves as a director or stockholder, provided that the school district had adopted Article 2832c and had complied with Section 4 thereof.

You are, therefore, advised that it is our opinion that an independent school district may borrow money from its school depository if it adopts Article 2832c and complies with its procedures and safeguards when securing and voting on the loan contract. To hold otherwise would be in conflict with the intent of the Legislature as evidenced in Article 2832c. It would be inconsistent and illogical to conclude that the Legislature intended that a school district could choose as a depository a bank in which a member of the school board was a director or stockholder, but could not borrow money from this same bank.

## S U M M A R Y

An independent school district may borrow money from its school depository if a member of its school board is an officer, stockholder, director or employee in the depository bank, provided the school district has adopted Article

2832c and complied with the requirements set out in Section 4 thereof.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Charles Parrett
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Roy W. Mouer
Fielding Early
Pat Bailey
Fisher A. Tyler

HAWTHORNE PHILLIPS
Executive Assistant